FORM B104 (08/07)                                                                              2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS ANGELA LEE<br>LEE HUA, INC. | DEFENDANTS<br>MEYER AKHAVAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>HENRY T. HEUER<br>2029 CENTURY PK E., #2500, LA, 90067 | ATTORNEYS (If Known)<br><br>RECEIVED<br>SEP 14 2009 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

(continued next column)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 750,000.— |
| Other Relief Sought | |

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> MEYER AKHAVAN ||| **BANKRUPTCY CASE NO.** <br> 2:09-BK-25446 SB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL - CALIF. || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| **PLAINTIFF** <br> ANGELA LEE | **DEFENDANT** <br> MEYER AKHAVAN || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> /s/ Henry T. Heuer ||||
| **DATE** <br> 9-14-09 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> HENRY T. HEUER ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Henry T. Heuer  (69006)<br>PRINCE & HEUER<br>2029 Century Park East, Suite 2500<br>Los Angeles, CA 90067<br><br>RECEIVED<br>SEP 1 4 2009<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____ Deputy Clerk<br><br>*Attorney for Plaintiff* ANGELA LEE and LEE HUA, INC. | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: MEYER AKHAVAN | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:09-bk-25446-SB |
| Debtor. | ADVERSARY NUMBER |
| ANGELA LEE and LEE HUA, INC.<br>Plaintiff(s),<br><br>vs.<br><br>MEYER AKHAVAN<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**          Time:          Courtroom:          Floor:

☐ 255 East Temple Street, Los Angeles          ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills          ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                                **F 7004-1**

Summons and Notice of Status Conference - *Page 2*    **F 7004-1**

| In re
MEYER AKHAVAN | (SHORT TITLE) | CASE NO.: 2:09-bk-25446-SB |
|---|---|---|
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)    **F 7004-1**

| Summons and Notice of Status Conference - *Page 3* | | F 7004-1 |
|---|---|---|
| In re<br>MEYER AKHAVAN | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: 2:09-bk-25446-SB |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**

Henry T. Heuer (69006)
PRINCE & HEUER
A Professional Law Corporation
2029 Century Park East, Suite 2500
Los Angeles, California 90067-2901
Telephone: (310) 277-7442
Facsimile: (310) 277-7458

Attorneys for Plaintiffs
ANGELA LEE and LEE HUA, INC.

FILED
SEP 14 2009

## UNITED STATED BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MEYER AKHAVAN, debtor | Case No.: 2:09-bk-25446-SB |
| ANGELA LEE and LEE HUA, INC., a California corporation, | Chapter 7 |
| | Adv. Proc. No._____ |
| Plaintiffs, | |
| vs. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| MEYER AKHAVAN, | |
| Defendant. | |

ANGELA LEE and LEE HUA, INC., allege:

1.  This is an adversary proceeding to determine the dischargeability of a debt pursuant to Bankruptcy Rules 4007 and 7001(6).

2.  On June 18, 2009 the above named debtor, defendant herein, filed a petition for relief in this court under chapter 7 of title 11, United States Code. This court has jurisdiction over this proceeding under Title 11 of the United States code, Section 523(c) and Title 28 of the United Stats Code Sections 157(b) and 1334. This proceeding is a "core proceeding" as provided in Title 11 of the United States Bankruptcy Code, Section 157(b)(2)(I) and Bankruptcy Rule 7008.

3.  Defendant is an individual and seeks discharge herein under Title 11 of the United States Code. The question of debtor's discharge has not as of this date been determined.

1
**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

1    4.    Defendant and plaintiffs were partners in a garment industry business. Defendant is indebted to plaintiff by obtaining money and property by means of false representations or by means of a false financial statement (section 523(a)(2) of the Bankruptcy Code) and by fraud or defalcation while acting in a fiduciary capacity as a partner of plaintiff (section 523(a)(4) of the Bankruptcy Code). Defendant formed a partnership with plaintiffs under which plaintiffs were to supply defendant with certain shipments of goods, who in turn was to advertise and market them in the wholesale market. Defendant received the shipments from plaintiffs with no intention of paying for them. Additionally, when the resale of the goods was complete by defendant and the partnership funds were received, defendant, with intent to defraud plaintiffs, took the funds so received and refused to distribute the agreed upon share to plaintiffs.

5.    No part of the funds due plaintiffs has been paid. The damages suffered by plaintiffs exceed $750,000..

WHEREFORE, plaintiffs pray for an order determining said debt to be non-dischargeable and for judgment against defendant in the sum of $750,000 together with interest from January 1, 2006, and for such other and further relief as is just.

Dated: September _14_, 2009

PRINCE & HEUER
A Professional Law Corporation

By: _____
HENRY T. HEUER
Attorneys for Plaintiffs, ANGELA LEE and
LEE HUA, INC.

PRINCE & HEUER
A PROFESSIONAL LAW CORPORATION
2029 CENTURY PARK EAST, SUITE 2500
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 277-7442 • FACSIMILE (310) 277-7458